## N. O. HUSETH v. STATE AND OTHERS.[1]

February 28, 1930.

No. 27,682.

[1]Reported in 229 N. W. 560.

*Theodore N. Ofstedahl,* County Attorney, for relator.

*G. A. Youngquist,* Attorney General, and *Hayner N. Larson,* for the state and its livestock sanitary board, respondents.

TAYLOR, C.

In proceedings instituted under L. 1923, p. 350, c. 269, G. S. 1923 (1 Mason, 1927) §§ 5416 to 5421, for the purpose of having the county of Goodhue accredited as an area free from tuberculous cattle, the board of county commissioners made the required appropriation, "for the purpose of aiding in the testing of cattle in the county for tuberculosis and of carrying out sanitary and quarantine regulations," and the state livestock sanitary board entered into an agreement to cause the testing of the cattle in the county and proceeded to make the required tests. The claimant was employed to assist a veterinarian of the sanitary board in making tests and while so assisting sustained an injury which resulted in permanent partial disability. He made a petition to the industrial commission for compensation under the workmen's compensation law and named as his employers the state of Minnesota, the state livestock sanitary board, and the county of Goodhue. The commission awarded compensation against the county of Goodhue and dismissed the petition as to the state of Minnesota and the state livestock sanitary board. A writ of certiorari brings the case before this court.

It is conceded that the claimant is entitled to compensation in the amount awarded, and the sole question presented is whether he was an employe of the county or of the state through its livestock sanitary board. Employes of the state in any of its departments are within the protection of the compensation act, and the commission is authorized to award compensation to such employes and

against the state for injuries covered by the act. 1 Mason, 1927, §§ 4337-1 to 4337-5.

Although the county commissioners had appropriated money for the work, the county had no control over the expenditure of such money. The statute provides that all money so appropriated shall be expended under the direction of the sanitary board and shall be disbursed on vouchers verified by the officers of that board, and in case the federal bureau of animal industry becomes a party to the agreement, by the federal inspector. The county has nothing to say concerning the paying out of the money; has no power to direct to whom or on what account it shall be paid. The sanitary board employs the veterinarians who make the tests and the men who assist them in the work. The county has no voice in selecting or hiring such employes and no power to discharge them. It neither pays them nor fixes the amount to be paid. If they are paid out of money appropriated by the county commissioners, it is because the sanitary board so directs. In short the county has nothing to say or do concerning the actual making of the tests or the employment of those who make them. Such matters are within the exclusive control of the sanitary board.

We think that the facts considered in connection with the statute clearly establish that the claimant was not an employe of the county within the meaning of the compensation law, but was an employe of the state through its livestock sanitary board.

The order awarding compensation against the county is reversed, and compensation will be awarded under and in accordance with the provision of the statute authorizing compensation to employes of the state.